**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-2335**

BV RETAIL, LLC,

                    Plaintiff – Appellee,

          v.

JAMES M. DONNELLY; STACY D. TAKATS

                    Defendants - Appellants.

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.  David Shepardson
Cayer, Magistrate Judge.  (3:12-cv-00348-DSC)

Submitted: August 28, 2014        Decided:  September 12, 2014

Before KING and THACKER, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Fred M. Wood, Jr., C. Bailey King, Jr., Timothy P. Lendino,
SMITH MOORE LEATHERWOOD LLP, Charlotte, North Carolina, for
Appellant.    William  R.  Terpening,  Matthew  S.  DeAntonio,
Jonathan E.  Schulz, NEXSEN PRUET, PLLC, Charlotte, North
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury returned a verdict of $126,908.27 against James M. Donnelly and Stacy D. Takats (the Donnellys). The jury determined that a Termination of Lease (Termination Agreement) did not extinguish the Donnellys' obligations as guarantors of a lease between BV Retail, LLC (BV Retail) and Emerson Joseph, LLC (Emerson Joseph). The Donnellys now appeal, arguing that the district court erred when it denied their post-verdict judgment as a matter of law.[*] We affirm.

The Donnellys were owners of Emerson Joseph, which leased space in a shopping center owned by BV Retail. As part of the transaction, the Donnellys signed a Guaranty of Lease (Guaranty), in which they personally guaranteed payment of Emerson Joseph's rent. Emerson Joseph encountered financial difficulties and fell behind on its rent. Subsequently, Emerson Joseph and BV Retail executed the Termination Agreement.

BV Retail sued to enforce the Guaranty, claiming that the Donnellys were liable as guarantors for rent and other fees. The Donnellys moved for summary judgment, asserting that the Termination Agreement plainly extinguished their obligations under the Guaranty. The district court ruled that a genuine

---

[*] Although BV Retail disputes that such a post-verdict motion was made, the district court docket sheet reflects that it was. We accordingly will review the denial of the motion.

issue of material fact existed on this issue.  Accordingly, the court denied the Donnellys' motion for summary judgment.

Following trial, the jury determined that the Termination Agreement did not extinguish the Donnellys' obligations.  The verdict of $126,908.27 represented primarily the amount of unpaid rent accrued prior to execution of the Termination Agreement.  Following the verdict, the Donnellys moved for judgment as a matter of law, again asserting that the Termination Agreement clearly and unambiguously ended their obligations under the Guaranty.  The district court denied the motion.

On appeal, the Donnellys claim that the district court erred when it denied their motion.  "We review de novo the legal conclusions upon which the district court's denial . . . [was] premised."  Belk, Inc. v. Meyer Corp. U.S., 679 F.3d 146, 164 (4th Cir. 2012).

Application of basic contract principles compels our conclusion that the district court's ruling was correct. The Termination Agreement provided, "As of October 28, 2011 . . . , the Lease shall be terminated and the Leased Premises shall be surrendered to Landlord by Tenant.  Accordingly, neither Landlord nor Tenant shall have any further duties, obligations, or liabilities under the Lease from and after the Termination Date."  Further, various provisions of the Guaranty provide that

3

the Donnellys' liability as guarantors would survive an event such as a lease termination. For instance, the Guaranty states that it "is a continuing Guaranty, and the liability of the Guarantor . . . shall in no way be affected, modified or diminished by reason of . . . any dealings, transactions, matters or things occurring between the Landlord and Tenant." The Guaranty additionally states that its "validity . . . and the obligations of the Guarantor . . . shall not in any way be terminated . . . by reason of the termination of the Lease so long as the Tenant continues to be liable."

The above passages, construed together, strongly suggest that Emerson Joseph was released from its obligation under the Lease for rent accrued after October 28, 2011, but that Emerson Joseph—and the Donnellys as guarantors—remained liable for past-due rent. The district court did not err in concluding that the Termination Agreement did not, as a matter of law, extinguish the Donnellys' obligations under the Guaranty.

We accordingly affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

AFFIRMED

4